Jeffrey W. Shields, Bar No. 109920
Rick A. Varner, Bar No. 160403
SHIELDS LAW OFFICES
1920 Main Street, Suite 1160
Irvine, California 92614
(949) 724-7900; Fax (949) 724-7905
E-mail: jeff@shieldslawoffices.com

Attorneys For Plaintiffs
Loev Family Partnership Ltd., Joanie Alexander,
Harold S. Minkowitz and Brigitte S. Minkowitz

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOEV FAMILY PARTNERSHIP LTD., a Texas limited partnership; JOANIE ALEXANDER, an individual; HAROLD S. MINKOWITZ, an individual; and BRIGITTE S. MINKOWITZ, an individual,

Plaintiffs,

vs.

THE LIVING EARTH, LLC, a Nevada limited liability company; and STEVEN POWERS, an individual,

Defendants.

Case No. ____________________

COMPLAINT FOR:
(1) DAMAGES FOR FRAUDULENT INDUCEMENT;
(2) NEGLIGENT MISREPRESENTATION;
(3) RESCISSION OF WRITTEN CONTRACT FOR FRAUDULENT INDUCEMENT;
(4) BREACH OF WRITTEN CONTRACT;
(5) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND
(6) DECLARATORY RELIEF

JURY TRIAL DEMANDED

As a Complaint herein, plaintiffs LOEV FAMILY PARTNERSHIP LTD. ("Loev Partnership"), JOANIE ALEXANDER ("Alexander), and HAROLD S. MINKOWITZ ("H. Minkowitz") and BRIGITTE S. MINKOWITZ ("B. Minkowitz") [hereinafter, Loev Partnership, Alexander, H. Minkowitz and B. Minkowitz sometimes collectively referred to as "Plaintiffs"], allege against defendants THE LIVING EARTH, LLC

("Living Earth") and STEVEN POWERS ("Powers") [hereinafter, Living Earth and Powers sometimes collectively referred to as "Defendants"], as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. section 1332 (diversity of citizenship), inasmuch as: (a) each of Plaintiffs is a resident of and domiciled in Texas; (b) Plaintiffs allege on information and belief that Living Earth is a Nevada limited liability company with its principal place of business in California; (c) Plaintiffs allege on information and belief that Powers is an individual residing and domiciled in California; and (d) the amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000.00.

2. Venue is proper in this Court pursuant to 28 U.S.C. section 1391 in that the real property which is the subject of this action is located within this judicial district, a substantial part of the events and/or omissions giving rise to the claims herein occurred within this judicial district, and Plaintiff alleges on information and belief that each of Defendants resides in and is subject to personal jurisdiction in this judicial district.

## II. PARTIES

3. Loev Partnership is, and at all times relevant herein was, a Texas limited partnership, with its principal place of business located in Harris County, Texas, and with each of its general partners also residing and domiciled in Harris County, Texas.

4. Alexander is, and at all times relevant herein was, an individual, residing and domiciled in Bexar County, Texas.

5. H. Minkowitz is, and at all times relevant herein was, an individual, residing and domiciled in Harris County, Texas.

6. B. Minkowitz is, and at all times relevant herein was, an individual, residing and domiciled in Harris County, Texas. H. Minkowitz and B. Minkowitz are husband and wife.

7. Plaintiffs allege on information and belief that Living Earth is, and at all times relevant herein was, a Nevada limited liability company, with its principal place of business located in Los Angeles County, California. Plaintiffs further allege on information and belief that Living Earth has been suspended by the California Franchise Tax Board.

8. Plaintiffs allege on information and belief that Powers is, and at all times relevant herein was, an individual, residing and domiciled in Los Angeles County, California.

9. Plaintiffs allege on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent and employee of each of the other Defendants, and was at all times acting within the course and scope of such agency and employment, and with the knowledge and approval of each of the other Defendants.

10. Plaintiffs allege on information and belief that there now exists, and at all times there has existed, a unity of interest and ownership among Powers and Living Earth such that any individuality or separateness of those Defendants has ceased, and Living Earth is the alter ego of Powers, in that:

(a) Living Earth is, and at all times has been, a mere shell, instrumentality and conduit through which Powers has carried on business;

(b) Living Earth is, and at all times has been, so inadequately capitalized that, compared with the business to be conducted by it and the risks of loss attendant thereto, its capitalization was trifling and illusory;

(c) Powers has exercised, and continues to exercise, full control and dominance over Living Earth; and

(d) Living Earth has been intended and used by Powers as a device to attempt to avoid personal liability.

11. Plaintiffs allege on information and belief that adherence to the fiction of any separate existence between Living Earth and Powers would permit abuse of the corporate privilege and would sanction fraud and promote injustice.

## III. GENERAL ALLEGATIONS

12. Plaintiffs allege on information and belief that, on or about October 5, 2017, Defendants purchased and became owners of that certain real property, which is a vacant lot and never owner occupied, located at 16839 W. Calle Bellavista, Pacific Palisades, California 90272, and which is more fully described in its legal description, a true copy of which is attached hereto as Exhibit "1" and is incorporated herein by this reference (the "Subject Property").

13. Plaintiffs allege on information and belief that the Subject Property is located within the County of Los Angeles and is also within the Single Permit Jurisdiction of the California Coastal Zone.

14. Plaintiffs allege on information and belief that the Subject Property is zoned by the County of Los Angeles for a single family residence, *i.e.*, (Q)RD3-1 RE15-1-H, however, the California

Coastal Commission has further designated the Subject Property as Open Space and prohibits the construction of a single family residence or other structures on the Subject Property.

15. Plaintiffs allege on information and belief that Defendants purchased the Subject Property from its former owner, Edward Miller ("Miller"), and that, at least as early as November 9, 2017, Defendants were advised in writing by Miller that the Subject Property was not buildable and was designated as Open Space by the California Coastal Commission.

16. Plaintiffs allege on information and belief that, notwithstanding Defendants' actual knowledge that the Subject Property was not buildable, Defendants approached the Federal Home Loans Corporation (the "FHLC") to obtain a loan to be secured by the Subject Property for the ostensible purpose of constructing a single family residence on the Subject Property.

17. Plaintiffs allege on information and belief that, in so doing, Defendants represented to the FHLC that the Subject Property was zoned for a single family residence, but knowingly and intentionally failed to disclose to the FHLC that construction of a single family residence on the Subject Property was prohibited by the California Coastal Commission, and that the Subject Property was required to be maintained as Open Space (the "Subject Concealments").

18. Plaintiffs allege on information and belief that Powers is a sophisticated owner of real properties, was fully aware that the Subject Property was not buildable, and knew that the FHLC would pass on all of the representations and information which Defendants provided to the FHLC to persons who were potential

lenders to Defendants, such as Plaintiffs. Hence, Defendants knew and/or reasonably should have known that potential lenders working with the FHLC, such as Plaintiffs, would receive and rely on all information provided by Defendants to the FHLC concerning the Subject Property, but would not, and could not, rely on any information that was concealed and not disclosed by Defendants to the FHLC, such as the Subject Concealments.

19. Plaintiffs allege on information and belief that the Subject Concealments constituted a material fact that was known by Defendants, and that was required to be disclosed to the FHLC and to the potential lenders, such as Plaintiffs, who were working with the FHLC. If Plaintiffs had known the truth about the Subject Concealments, and that the Subject Property was not buildable, they would never have made the loan to Defendants as described below.

20. On or about January 31, 2019, in direct reliance on the representations made by Defendants to the FHLC, and based on their lack of knowledge of the Subject Concealments, Plaintiffs made a loan to Defendants in the original principal amount of $568,000.00 (the "Loan"). In conjunction therewith, Defendants executed and delivered to Plaintiffs that certain "Interest Only Note" (the "Note") under which Defendants agreed to repay Plaintiffs such principal sum, together with interest thereon pursuant to the terms of the Note. A true and correct copy of the Note is attached hereto as Exhibit "2" and is incorporated herein by this reference.

21. To secure payment of the obligations under the Note, and as part of the same Loan transaction, Defendants made, executed and delivered to Plaintiffs, among other things, a "Deed of Trust

With Assignment of Rents" (the "Deed of Trust"), in favor of Plaintiffs as beneficiaries, on the Subject Property. A true and correct copy of the Deed of Trust is attached hereto as Exhibit "3" and is incorporated herein by this reference.

22. On January 31, 2019, the Deed of Trust was duly recorded as Instrument No. 20190093496 in the Official Records of Los Angeles County, California, and thereupon became and constituted a first priority lien and encumbrance on the Subject Property.

23. Subsequent to recordation of the Deed of Trust and in or about June 2020, Defendants requested that Plaintiffs agree to a six-month extension of the maturity date for the Loan from August 1, 2020, to February 1, 2021. Plaintiffs allege on information and belief that, in so requesting, Defendants falsely and fraudulently represented to Plaintiffs that they needed more time to obtain a construction loan and permits to build on the Subject Property, even though they knew that (a) the Subject Property was not buildable, (b) they could not obtain, and were not in the process of obtaining, a construction loan and permits to build on the Subject Property, and (c) they were actually requesting the extension of time solely in order to delay default and foreclosure inasmuch as Defendants had no intention of paying the Loan off, but, rather, intended to default on the Loan and keep the Loan proceeds for themselves to the detriment of Plaintiffs.

24. Plaintiffs trusted in Defendants' false representations and agreed in good faith to the extension requested by Defendants. Accordingly, the parties entered into a "Modification of Note Secured by Deed of Trust" dated effective as

of June 25, 2020, which was executed by Defendants and by the FHLC as the servicing agent for Plaintiffs. A true and correct copy of such Modification is attached hereto as Exhibit "4" and is incorporated herein by this reference.

25. Once the new maturity date for the Loan arrived, Defendants promptly went into default on their payment obligations to Plaintiffs under the terms of the Note as modified on or about February 1, 2021. Accordingly, on or about February 8, 2021, Plaintiffs caused a Notice of Default to be recorded against the Subject Property. When the default of Defendants continued, Plaintiffs then caused a Notice of Trustee's Sale to be published as to the Subject Property following expiration of the default notice period on or about May 8, 2021.

26. Subsequent thereto, in accordance with all legal requirements, Plaintiffs caused the Subject Property to be foreclosed and sold in a non-judicial Trustee's Sale on or about June 22, 2021, at which Plaintiffs became the purchasers of the Subject Property. On or about July 1, 2021, a "Trustee's Deed Upon Sale" was recorded in favor of Plaintiffs as the purchasers of the Subject Property as Instrument No. 20211031248 in the Official Records of Los Angeles County, California. A true and correct copy of the Trustee's Deed Upon Sale is attached hereto as Exhibit "5" and is incorporated herein by this reference.

27. Following Plaintiffs' acquisition of the Subject Property through the Trustee's Sale, Plaintiffs begin to investigate the possibility of selling the Subject Property and/or the development of the Subject Property and construction of a single family residence thereon. It was only during the course of

such investigation that Plaintiffs first became aware of the truth of the Subject Concealments, *i.e.*, that the Subject Property was not buildable and that the California Coastal Commission required it to be maintained as Open Space and prohibited the construction of a single family residence thereon. It was also only during the course of such investigation that Plaintiffs first became aware that Defendants had known about the truth of the Subject Concealments prior to the time when Plaintiffs made the Loan to Plaintiffs and that Defendants had failed to disclose such material facts to Plaintiffs and the FHLC.

28. As set forth below, as a direct and proximate result of Defendants' fraudulent and willful misconduct as set forth above, Plaintiffs have been damaged and harmed as further described below. Plaintiffs allege on information and belief that Defendants refused to compensate Plaintiffs for such damages.

29. Plaintiffs allege on information and belief that, as a direct and proximate result of Defendants' fraudulent and willful misconduct as set forth above, Plaintiffs have been required to retain legal counsel to pursue their legal rights against Defendants, including without limitation, bringing and prosecuting the within action, and Plaintiffs have incurred, and will continue to incur, attorneys' fees and legal costs as a result thereof.

## FIRST CLAIM FOR RELIEF

(Against Defendants For Damages For Fraudulent Inducement)

30. Plaintiffs reallege and incorporate herein by this reference each and every allegation contained in paragraphs 1 through 29, inclusive, as set forth above.

31. Plaintiffs allege on information and belief that each of Defendants made and perpetrated each of the Subject Concealments of material fact to Plaintiffs and the FHLC as set forth above.

32. Plaintiffs allege on information and belief that, at the times when Defendants made and perpetrated each of the Subject Concealments of material fact to Plaintiffs and the FHLC as set forth above, Defendants knew the Subject Concealments were false and wrongful, but nonetheless at all times suppressed and concealed the falsity and wrongfulness thereof from Plaintiffs and the FHLC with the intent to deceive and injure Plaintiffs.

33. Plaintiffs allege on information and belief that, at the times when Defendants made and perpetrated each of the Subject Concealments of material fact to Plaintiffs and the FHLC as set forth above, Defendants did so intentionally and knowingly for the express purpose of inducing Plaintiffs to enter into the Loan with Defendants and extend to Defendants the proceeds thereof.

34. At the times when Defendants made and perpetrated each of the Subject Concealments of material fact to Plaintiffs and the FHLC as set forth above, Plaintiffs were unaware of the falsity thereof and, believing such to be true and without any knowledge of the Subject Concealments, and in reasonable reliance thereon, Plaintiffs entered into the Loan and extended to Defendants the proceeds thereof. Had Plaintiffs been aware of the Subject Concealments, Plaintiffs would not have entered into the Loan or extended the proceeds thereof to Defendants.

35. As a direct and proximate result of Defendants' fraudulent conduct, Plaintiffs have been damaged in an amount, the

precise sum of which is presently unknown, but which will be determined in accordance with proof at trial, and which includes, at a minimum, the sum of $612,000.00, together with interest accruing thereon.

36. Plaintiffs allege on information and belief that, in engaging in the fraudulent conduct alleged above, each of Defendants acted in bad faith, in a knowing, willful, malicious, oppressive and fraudulent manner, and with the intent and purpose of advancing their own gain at the expense of Plaintiffs' rights and business interests. By reason thereof, Plaintiffs are each entitled to punitive and exemplary damages against Defendants, and each of them, in a sum to be determined by the trier of fact herein.

SECOND CLAIM FOR RELIEF

(Against Defendants For Negligent Misrepresentation)

37. Plaintiffs reallege and incorporate herein by this reference each and every allegation contained in paragraphs 1 through 29, inclusive, as set forth above.

38. Plaintiffs allege on information and belief that each of Defendants made and perpetrated each of the Subject Concealments of material fact to Plaintiffs and the FHLC as set forth above.

39. Plaintiffs allege on information and belief that, at the times when Defendants made and perpetrated each of the Subject Concealments of material fact to Plaintiffs and the FHLC as set forth above, Defendants had no reasonable grounds for believing that the Subject Concealments were true and/or that knowledge of the truth of the Subject Concealments was not material to

Plaintiffs, but nonetheless made and perpetrated each of the Subject Concealments for the express purpose of inducing Plaintiffs to enter into the Loan and extend the proceeds thereof to Defendants.

40. At the times when Defendants made and perpetrated each of the Subject Concealments to Plaintiffs and the FHLC as set forth above, Plaintiffs were unaware of the falsity thereof and, believing such to be true and without any knowledge of the fraudulent concealments, and in reasonable reliance thereon, Plaintiffs entered into the Loan and extended the proceeds thereof to Defendants. Had Plaintiffs been aware of the truth of the Subject Concealments, Plaintiffs would not have entered into the Loan nor extended the proceeds thereof to Defendants.

41. As a direct and proximate result of Defendants' negligent misrepresentations, Plaintiffs have been damaged in an amount, the precise sum of which is presently unknown, but which will be determined in accordance with proof at trial, and which includes, at a minimum, the sum of $612,000.00, together with interest accruing thereon.

THIRD CLAIM FOR RELIEF

(Against Defendants For Rescission Of Written Contract For Fraudulent Inducement)

42. Plaintiffs reallege and incorporate herein by this reference each and every allegation contained in paragraphs 1 through 29, inclusive, as set forth above.

43. As an alternative claim for relief, Plaintiffs allege on information and belief that, at the times when Defendants made and perpetrated each of the Subject Concealments of material

fact to Plaintiffs and the FHLC as set forth above, Plaintiffs were wholly unaware of such fraudulent conduct by Defendants, and trusted and relied on the lack of their knowledge of the truthfulness of the Subject Concealments to their detriment, and, as a result thereof, were fraudulently induced to enter into the Loan and extend the proceeds thereof to Defendants. Accordingly, Plaintiffs were, and now are, entitled to rescind the Loan on grounds of fraud.

44. Plaintiffs intend service of this Complaint to serve as notice of their decision to cancel and rescind the Loan, and Plaintiffs hereby offer to restore all consideration of value furnished, or to be furnished, by Defendants for same, if, *arguendo*, any there be, such as title to the Subject Property, on the condition that Defendants similarly restore to Plaintiffs all of their consideration paid pursuant to the Loan, including without limitation, the sum of $568,000.00 in proceeds received by Defendants from Plaintiffs, together with all consequential and incidental damages suffered by Plaintiffs.

45. Plaintiffs allege on information and belief that Defendants refuse to cancel and rescind the Loan.

46. As a direct and proximate result of such refusal by Defendants, Plaintiffs have suffered, and will continue to suffer, consequential and incidental damages in an amount, the precise sum of which is presently unknown, but which will be determined in accordance with proof at trial.

FOURTH CLAIM FOR RELIEF

(Against Defendants For Breach Of Written Contract)

47. Plaintiffs reallege and incorporate herein by this reference each and every allegation contained in paragraphs 1 through 29, inclusive, as set forth above.

48. Plaintiffs have duly performed all conditions, covenants and promises required on their part to be performed pursuant to the Loan, except as to any excused by the wrongful conduct of Defendants, including without limitation, all legal and contractual conditions precedent to Plaintiffs' right to bring the within action.

49. Plaintiffs allege on information and belief that Defendants have breached their obligations under the Loan as set forth above, including without limitation, by failing to timely make all of the payments required under the terms of the Loan.

50. As a direct and proximate result of such breaches of contract by Defendants, Plaintiffs have been damaged in an amount, the precise sum of which is presently unknown, but which will be determined in accordance with proof at trial, and which includes, at a minimum, the sum of $612,000.00, together with interest accruing thereon.

FIFTH CLAIM FOR RELIEF

(Against Defendants For Breach Of The Implied Covenant Of Good Faith And Fair Dealing)

51. Plaintiffs reallege and incorporate herein by this reference each and every allegation contained in paragraphs 1 through 29, and 48 through 50, inclusive, as set forth above.

52. The Loan between Plaintiffs and Defendants contains an implied covenant of good faith and fair dealing by each of the parties thereto as to the performance of the terms thereof, including, *inter alia*, an implied promise and duty that none of the parties thereto would do any action which would harm or cause injury to any of the other parties, or deprive them of any of the benefits due under the Loan.

53. Plaintiffs allege on information and belief that, when Defendants committed the above-referenced wrongful and fraudulent acts, Defendants had no reasonable basis for their actions, and/or acted with a callous disregard for the lack of such reasonable basis, and of their duty not to do anything that would harm or cause injury to Plaintiffs and deprive them of their benefits under the Loan, and thereby Defendants breached the implied covenant of good faith and fair dealing contained in the Loan.

54. As a direct and proximate result of such breaches of the implied covenant of good faith and fair dealing by Defendants, Plaintiffs have been damaged in an amount, the precise sum of which is presently unknown, but which will be determined in accordance with proof at trial, and which includes, at a minimum, the sum of $612,000.00, together with interest accruing thereon.

SIXTH CLAIM FOR RELIEF

(Against Defendants For Declaratory Relief)

55. Plaintiffs reallege and incorporate herein by this reference each and every allegation contained in paragraphs 1 through 54, inclusive, as set forth above.

56. An actual controversy has arisen, and now exists, between and among Plaintiffs, on the one hand, and Defendants, on the other hand, concerning their respective rights and duties in that Plaintiffs contend, and allege on information and belief that Defendants deny, that: (a) Plaintiffs are entitled to immediate receipt from Defendants of the sum of $568,000.00 for the proceeds of the Loan originally extended to Defendants, plus consequential and incidental damages; and (b) the Loan is void and/or voidable and may be rescinded by Plaintiffs.

57. Plaintiffs desire a judicial determination of the rights and duties of each of the parties hereto, and a declaration that: (a) Plaintiffs are entitled to immediate receipt from Defendants of the sum of $568,000.00 for the proceeds of the Loan originally extended to Defendants, plus consequential and incidental damages; and (b) the Loan is void and/or voidable and may be rescinded by Plaintiffs.

58. A judicial declaration is necessary and appropriate at this time under the circumstances as set forth herein in order that the parties hereto may ascertain their respective rights and duties in order to resolve the controversies between the parties regarding the above matter.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

ON THE FIRST CLAIM FOR RELIEF

1. For actual damages in a sum to be determined according to proof, but in no event less than $612,000.00, together with interest accruing thereon;

2. For punitive and exemplary damages in a sum to be determined by the trier of fact herein;

ON THE SECOND, FOURTH AND FIFTH CLAIMS FOR RELIEF

3. For actual damages in a sum to be determined according to proof, but in no event less than $612,000.00, together with interest accruing thereon; and

ON THE THIRD CLAIM FOR RELIEF

4. For a determination and order by the Court that the Loan is rescinded and that Defendants are to make restoration of all consideration received by them from Plaintiffs, together with interest accruing thereon;

5. That Plaintiffs are deemed to have made restoration of all consideration received from Defendants, if any there be, upon conveyance of title to the Subject Property following Defendants' full restoration of all consideration received by them from Plaintiffs;

6. For actual consequential and incidental damages in a sum to be determined by the trier of fact herein;

ON THE SIXTH CLAIM FOR RELIEF

7. For declaratory relief as prayed for in the Sixth Claim for Relief;

ON ALL CLAIMS FOR RELIEF

8. For Plaintiffs' attorneys' fees incurred herein as provided by the terms of the Loan;

9. For Plaintiffs' costs of suit incurred herein; and

/ /

/ /

/ /

10. For such other and further relief as the Court may deem just and proper.

DATED: April 3, 2024

SHIELDS LAW OFFICES

By ______________________
Jeffrey W. Shields
Rick A. Varner
Attorneys for Plaintiffs
Loev Family Partnership Ltd., Joanie Alexander, Harold S. Minkowitz and Brigitte S. Minkowitz

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury in the above action.

DATED: April 3, 2024

SHIELDS LAW OFFICES

By: ______________________
Jeffrey W. Shields
Rick A. Varner
Attorneys for Plaintiffs
Loev Family Partnership Ltd., Joanie Alexander, Harold S. Minkowitz and Brigitte S. Minkowitz