UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2702 FMO (PDx) | Date | May 14, 2024 |
|---|---|---|---|
| Title | Loev Family Partnership LTD., et al. v. The Living Earth, LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Jurisdiction

On April 3, 2024, Loev Family Partnership LTD., Joanie Alexander, Harold S. Minkowitz, and Brigitte S. Minkowitz (collectively, "plaintiffs") filed this action against The Living Earth, LLC ("Living Earth"), and individual defendant Steven Powers ("Powers"). (See Dkt. 1, Complaint at p. 1). Plaintiffs allege state-law claims arising out of a defaulted loan. (Id. at p. 1 & ¶¶ 20-26). Federal subject matter jurisdiction over these state-law claims is premised on the parties' alleged diversity of citizenship. (Id. at ¶ 1).

When, as here, federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (The "general-diversity statute . . . applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero v. Archon Corp., 844 F.3d 832, 840 (9th Cir. 2016) (quoting NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016)).

The court is skeptical that plaintiffs have met their burden and alleged a basis for the court's subject matter jurisdiction. This is because plaintiffs have not plead sufficient allegations for the court to determine Living Earth's citizenship. Living Earth, as a limited liability company, is a "citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see also Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."). Here, plaintiffs allege that Living Earth is a "Nevada limited liability company with its principal place of business in California[.]" (See Dkt. 1, Complaint at ¶ 1). However, "[a]n LLC's principal place of business [or] state of organization is irrelevant to [the citizenship] analysis." See Buschman v. Anesthesia Bus. Consultants LLC, 42 F.Supp.3d 1244, 1248 (N.D. Cal. 2014); Tele Munchen Fernseh GMBH & Co. Produktionsgesellschaft v. Alliance Atlantis Int'l Distrib., LLC, 2013 WL 6055328, *4 (C.D. Cal. 2013) ("As a limited liability company, [defendant]'s principal place of business is irrelevant for purposes of diversity jurisdiction.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 24-2702 FMO (PDx)** | Date | **May 14, 2024** |
|---|---|---|---|
| Title | **Loev Family Partnership LTD., et al. v. The Living Earth, LLC, et al.** | | |

    Based on the foregoing, IT IS ORDERED THAT plaintiff shall file a First Amended Complaint addressing the deficiencies noted above no later than **May 21, 2024**. Failure to file a First Amended Complaint by the deadline set forth above shall be deemed as consent to the dismissal of the action without prejudice for lack of jurisdiction and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal for failure to file amended complaint as ordered by district court).

|  | 00 : 00 |
|---|---|
| Initials of Preparer | vdr |